

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-13-00113-CR
_____

LARRY RAY PHILLIPS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181ˢᵗ District Court
Randall County, Texas
Trial Court No. 23,181-B; Honorable John B. Board, Presiding

July 15, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Larry Ray Phillips, was convicted by a jury of the offense of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams enhanced by a prior felony conviction for assault family violence.[1] He was sentenced to sixteen years confinement and assessed a $2,000 fine.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). An offense under this section is a third degree felony. As enhanced by the prior felony conviction, the offense was punishable as a second degree felony. TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2013).

In two issues, Appellant asserts (1) the evidence at trial was insufficient to establish possession and (2) his counsel was ineffective. We affirm.

**ISSUE ONE**

Appellant asserts the State's evidence was insufficient to support his conviction. Specifically, he contends the evidence is insufficient because two items of evidence arguably linking Appellant to the controlled substance (a text message and discarded food found at the place of arrest) were not preserved and the State "instead relied solely on [the testimony of Officer Shelby Davis] to establish a link between the Appellant [and] the controlled substance." To support this argument Appellant contends Davis failed to take pictures of, or otherwise preserve (1) a text message on Appellant's cell phone that indicated methamphetamine was available and ready for Appellant to pick up and (2) allegedly similar food items found (a) outside Appellant's vehicle and (b) concealing the controlled substance when found. Appellant argues the officer's testimony alone is insufficient without corroborating physical evidence.

Appellant fails to cite any legal authority for his proposition that uncorroborated oral testimony is insufficient to establish a given fact. Without the same, that aspect of his sufficiency argument is inadequately briefed and, therefore, waived. *See* TEX. R. APP. P. 38.1(h); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2000). Appellant's general insufficiency arguments, however, still remain.

STANDARD OF REVIEW

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all the evidence in a light most favorable to the verdict

and determine, based on that evidence and the reasonable inferences drawn therefrom, whether a fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Lucio v. State,* 351 S.W.3d 878, 894 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 5560 (1979)); *Brooks v. State,* 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). In conducting our review, we do not sit as a thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating the weight and credibility of the evidence. *Isassi v. State,* 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic to ultimate facts. *Id.*

POSSESSION OF A CONTROLLED SUBSTANCE

In a possession of a controlled substance prosecution, the State must prove (1) the accused exercised control, management, or care over the substance and (2) the accused knew the matter possessed was contraband. *Evans v. State,* 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). Regardless whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. *Id.* Moreover, presence or proximity, when combined with other evidence, either direct or circumstantial, may well be sufficient to satisfy both elements. *Id.* at 162.[2]

---

[2] This has been termed the "affirmative links" rule. *Evans v. State,* 202 S.W.3d at 162 n.9. This rule "is not an independent test of legal sufficiency." *Id.* Rather, the term is used "merely as a shorthand catch-phrase for a large variety of circumstantial evidence that may establish knowing 'possession' or 'control, management, or care' of some item such as contraband." *Id.*

Here, the circumstances leading up to Appellant's arrest, when viewed in a light most favorable to the verdict, show that a fact finder could have reasonably found that Appellant's possession of the methamphetamine was intentional or knowing beyond a reasonable doubt. *See Brooks,* 323 S.W.3d at 902; *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The record contains testimony that Appellant was the sole occupant of a car he purchased several days prior to his arrest; methamphetamine was located in the back seat of that car, in a plastic baggie, in a velvet bag, surrounded by lettuce and vegetables, wrapped in tin foil; the drugs were located directly behind Appellant and within his reach; his cell phone contained a text message from a person named Brian indicating he had received methamphetamines and the drugs were ready for Appellant to pick up; and the partially chewed food outside Appellant's car door was similar to the food concealing the drugs. The record also reflects the substance found in Appellant's car was submitted to the DPS Crime Laboratory and the plastic baggie contained 1.79 grams of methamphetamine. Accordingly, we find the foregoing evidence is sufficient to prove Appellant's knowing possession of 1.79 grams of methamphetamine. *See Evans,* 202 S.W.3d at 162 n.12.

Here, the verdict indicates the jury found Officer Davis's testimony credible and entitled to sufficient weight to convict. Accordingly, Appellant's first issue is overruled.

**ISSUE TWO**

Appellant asserts his counsel was ineffective because he did not object to the admission of Officer Davis's testimony regarding the text message or the food outside Appellant's car door. Again, Appellant cites to no legal authority establishing either that Officer Davis's testimony was inadmissible or his counsel was required to perform a

4

useless act to be effective. Accordingly, because Appellant presents no evidence that his counsel's performance was deficient or fell below the prevailing professional norm, we overrule Appellant's second issue. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). *See also Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

## CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.